*Young v. Sessions*

BIA
Mulligan, IJ
A058 779 326

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        PETER W. HALL,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

MARLON EVERTON YOUNG,
                *Petitioner,*

        v.                                              17-49
                                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
                *Respondent.*

_____

FOR PETITIONER:          Pankaj Malik, Forest Hills, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; M. Jocelyn Lopez
                         Wright, Senior Litigation Counsel;
                         Allison Frayer, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marlon Everton Young, a native and citizen of Jamaica, seeks review of a December 8, 2016, decision of the BIA affirming a July 25, 2016, decision of an Immigration Judge ("IJ") denying Young's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marlon Everton Young,* No. A 058 779 326 (B.I.A. Dec. 8, 2016), *aff'g* No. A 058 779 326 (Immig. Ct. N.Y. City July 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). Young's aggravated felony ground of removal limits our review to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 90 (2d Cir. 2015). Moreover, because Young was convicted of an aggravated felony and sentenced to 5 years' imprisonment for that crime, the conviction made him ineligible for withholding of removal as a matter of law. 8 U.S.C.

2

§ 1231(b)(3)(B) (providing that particularly serious crime bars withholding of removal and defining particularly serious crime as "an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years").  To the extent Young argues that he should be allowed to provide evidence of his innocence, he cannot do so in removal proceedings or in a petition for review in this Court.  *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) ("Collateral attacks are not available in a . . . petition challenging the BIA's removal decision." (quoting *Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004))).  Thus, the only issue properly before us is the denial of CAT relief.

To qualify for CAT relief, an applicant must show that he is "more likely than not" to be tortured.  8 C.F.R. § 1208.16(c)(2).  "Torture is defined as. . . severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  *Id.* § 1208.18(a)(1). The agency must consider "all evidence relevant to the possibility of future torture," including past torture, the possibility of internal relocation, "[e]vidence of gross,

3

flagrant or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3)(i)-(iv).

We have jurisdiction to review Young's argument that the agency applied an improperly high burden of proof. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (explaining that we retain jurisdiction if agency applies "legally erroneous standard"). But the argument lacks merit. The IJ appropriately considered whether Young or "someone in his particular alleged circumstances" would more likely than not be tortured in Jamaica. 8 C.F.R. § 1208.16(c)(2) ("The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring petitioner to show "that someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China"). Nothing in the IJ's decision suggests that he placed too high a burden on Young to prove he would likely be targeted.

As to Young's argument that the agency erred in finding that he did not satisfy his burden of proof, the agency

4

considered all the relevant evidence, including the testimony of an expert witness and background evidence regarding country conditions, the fact of Young's conviction, and the fact that Young was not harmed during his previous visit to Jamaica. 8 C.F.R. § 1208.16(c)(3) (providing that the agency shall consider "all evidence relevant to the possibility of future torture" including whether the applicant has been tortured in the past). Accordingly, Young's challenge is to the agency's weighing of his evidence, which is the type of factual dispute that we lack jurisdiction to review. *See Ortiz-Franco*, 782 F.3d at 91 (finding no question of law where petitioner disputes "correctness of [the] IJ's fact-finding" (alteration in original)); *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (stating that likelihood that future event will occur is factual question).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
